IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| TIMOTHY DEHERRERA, | ) | Cause No. CV 06-69-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND FINDINGS AND |
| | ) | RECOMMENDATION OF UNITED |
| MIKE MAHONEY, et al., | ) | STATES MAGISTRATE JUDGE |
| | ) | |
| Defendants. | ) | |

_____

On December 29, 2006, Plaintiff Timothy Deherrera filed a complaint pursuant to 42 U.S.C. § 1983 and moved to proceed in forma pauperis. The forma pauperis motion was granted March 2, 2007. (Document 11). The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

On June 1, 2007, the Court conducted an initial prescreening of Plaintiff's Complaint, identified several deficiencies, and provided Plaintiff an opportunity to file an amended complaint. (Document 17). On June 13, 2007, Plaintiff filed an Amended Complaint. (Document 9). The Court will now continue the prescreening process pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE /
PAGE 1

**I. PARTIES**

Plaintiff is a state prisoner proceeding pro se.[1] He is incarcerated at Montana State Prison in Deer Lodge, Montana.

In his Amended Complaint, Plaintiff names the following Defendants: Mike Mahoney, Myron Beeson, Ross Swanson, Charlie Strong, Dan Chladek, Greg Budd, Roland Smathers, Toni Barclay, Terry Wilderson, Ken Crosby, Roxanne Wigert, Billy Riech, William Beehler, Howard Strey, Jonathon Carroll, Mark Lochrie, Lynn Foster, Chuck May, Correctional Officer John Doe, Myron Swanson, Jon Grisby, three I.P.S John Does, and Department of Corrections Director Mike Ferriter.

**II. PLAINTIFF'S ALLEGATIONS**

Plaintiff's Amended Complaint contains what the Court has construed as six separate claims. First, Plaintiff complains about the conditions of confinement when he was placed in temporary lock down on October 27, 2006. Plaintiff alleges that he was kept naked for hours, was refused "drinking water for 3 days only twice a day," was physically assaulted, and was refused phone calls to his family. (Document 18, p 5). Plaintiff does not name a defendant allegedly responsible for these conditions.

Secondly, Plaintiff complains about the disciplinary, grievance, and classification process at Montana State Prison alleging: (1) that Warden Mahoney refused to be a fair tribunal in the

---

[1] Plaintiff named Ronald Ward, Brent Phillips and Nicholas Miller as additional plaintiffs in his Amended Complaint. However, the Court does not allow pro se litigants to proceed together in one action. Although these gentlemen submitted their original complaint together, the Court opened a separate case for each Plaintiff. Accordingly, Timothy Deherrera is the sole plaintiff in this case.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

grievance appeal process, (2) that Terry Wilkerson "served up" repetitious reports which he did not rule on fairly, (3) that Defendant Crosby found him guilty of an offense he did not commit; (4) that Howard Strey falsified reports to create a deceptive view to the hearings officers; (5) that Jonathon Carroll wrote a false report on February 18, 2007; (6) that Myron Swanson and John Grisby wrote false and repetitious reports; (7) that Mike Ferriter was deliberately indifferent in Plaintiff's appeals of his grievances; (8) that Roland Smather's failed to investigate claims; (9) that Toni Barclay acted with harassment and discrimination in placing false reports in his classification progress reports; (10) that Roxanne Wigert manipulated his classification report to impose harder circumstances on Plaintiff and (11) that Billy Riech refused to help Plaintiff get "correction through grievance for classification report."

Third, Plaintiff makes allegations of physical assault against three defendants. He alleges that William Beehler conspired to have bodily harm done on October 27, 2006. In addition, in his affidavit (attached to the original complaint), Plaintiff alleged that while Officer Chuck May and a John Doe officer were escorting Plaintiff out to the yard, Officer May tried to force Plaintiff into the door frame three times as they walked through the door. Once outside, Officer May tried to ram Plaintiff's face onto the concrete. Although Plaintiff was able to twist his fall to absorb most of the impact with his shoulder, his cheek and chin scrapped on the concrete. He also alleges that the John Doe officer watched Officer May assault Plaintiff and failed to intervene.

Fourth, Plaintiff alleges that Defendants Barclay, Lochrie, and Foster took and/or refused to return his religious medallion and his wedding ring.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE /
PAGE 3

Fifth, Plaintiff contends that Defendants Mahoney, Beeson, Swanson and Chladek treated him with deliberate indifference and/or harassed and discriminated against him for his gang related tattoos.

Finally, he alleges that his property was lost or destroyed by Defendants Mark Lochrie, Lynn Foster, and by the I.P.S. John Doe defendants.

## III. ANALYSIS

### A. Claims/Defendants Recommended for Dismissal

#### 1. Claims/Defendants not addressed from original complaint

Although Plaintiff named the following defendants in his original complaint, he did not mention them in his amended complaint: Montana State Prison, Security Major Woods, Lt. McNeil, Lt. Garrison, Sgt. Clark, Officer J.T. Guindon, Officer Ryan Durkin, Officer Myron Sorenson, Officer Stan Glovin, Officer Ericson, Officer Longe, John Does SRT Team Members, and Dr. Rantz, the Montana State Prison Contract Medical Provider. (Document 1, pp. 6-7).

In the Court's prior Order, Plaintiff was specifically advised that he had to allege specific facts showing what each person did or did not do to cause a violation of his civil rights. (Document 17, p. 3). He was also advised that "the amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint." (Document 8, p. 4). As he failed to detail in his Amended Complaint what actions or inactions the defendants listed above took to allegedly violate his constitutional rights, those defendants will be recommended for dismissal.

#### 2. Conditions of Confinement

Plaintiff alleges that the conditions of confinement when he was held in temporary lock-down on or about October 27, 2006 were unconstitutional. Plaintiff alleges that he was kept naked for hours, refused "drinking water for 3 days only twice a day," physically assaulted, and refused phone calls to his family. (Document 18, p 5). Plaintiff has failed to identify any defendant responsible for these alleged deprivations. Plaintiff was specifically instructed in the Court's prior Order that he must allege specific facts showing what each person did or did not do. Plaintiff failed to do so.

In addition, Plaintiff's factual allegations are insufficient to state a claim under the Eighth Amendment of the United States Constitution. The Eighth Amendment prohibits cruel and unusual punishment against incarcerated inmates, therefore, prison officials have a duty to ensure that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996); *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982).

In order to state an Eighth Amendment claim, a plaintiff must allege facts "that would suggest he was subjected to inhumane conditions of confinement that imposed an excessive risk to his health or safety." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005; *see also Farmer*, 511 U.S. at 837 ("a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety."). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE /
PAGE 5

Plaintiff herein alleges that he was only allowed water twice a day, was left naked for a couple hours and was denied phone calls to his family. Such allegations are insufficient to state a claim because he had not alleged that such treatment caused him any harm or unbearable discomfort or amounted to a "denial of the minimal civilized measure of life's necessities." *Farmer,* 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff failed to allege that these conditions put his health and/or safety at risk.

Given that Plaintiff has been given the opportunity to amend this claim and name defendants responsible for the alleged violation and he has failed to do so, the Court is going to recommend that Plaintiff's conditions of confinement claims be dismissed.

### 3. Grievance and Classification Actions

Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or in remaining in the general prison population. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Similarly, an inmate has no due process rights regarding the proper handling of grievances. *See Mann v. Adams*, 855 F.2d 6398, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). Accordingly, the following claims concerning the grievance procedures and classification procedures will be recommended for dismissal: (1) that Warden Mahoney refused to be a fair tribunal in the grievance appeal process, (2) that Mike Ferriter was deliberately indifferent in Plaintiff's appeals of his grievances; (3) that Roland Smather's failed to investigate claims; (4) that Toni Barclay acted with harassment and discrimination in placing false reports in his classification progress reports; (5) that Roxanne Wigert manipulated his classification report to impose harder circumstances on Plaintiff and (6)

that Billy Riech refused to help Plaintiff get "correction through grievance for classification report."

### B.  Claims to be Amended

#### 1.  Disciplinary Hearing Claim

Plaintiff makes the following five claims regarding his disciplinary hearing claim:  (1) that Terry Wilkerson "served up" repetitious reports which he did not rule on fairly, (2) that Defendant Crosby found him guilty of an offense he did not commit; (3) that Howard Strey falsified reports to create a deceptive view to the hearings officers; (4) that Jonathon Carroll wrote a false report on February 18, 2007; and (5) that Myron Swanson and John Grisby wrote false and repetitious reports.

Prisoners do not shed all constitutional rights at the prison gate.  *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S.Ct. 2963, 2974 (1974).  Inmates such as plaintiff are entitled to be free from arbitrary actions by prison officials.  *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995).  However, protection from such arbitrary disciplinary actions generally comes in the form of procedural due process rights, e.g., prior written notice of a violation, the right to present witnesses and evidence, a written statement of fact-finding, and a decision by an impartial body.  *See Wolff v. McDonnell*, 418 U.S. 539.

Plaintiff does not allege that he was deprived of such procedural due process rights following the alleged filing of the false disciplinary reports.  Moreover, Plaintiff would only be entitled to such due process protections if the discipline he received (which is not mentioned in

the complaint) had the effect of altering his term of imprisonment or imposed an "atypical and significant hardship" on Plaintiff. *See Sandin*, 115 S.Ct. at 2300.

Plaintiff has only alleged that he was falsely accused and found guilty of an offense he did not commit. He has not alleged that he was denied the due process protections set forth in *Wolff* during those disciplinary hearings or even that the discipline which he received was sufficient enough to entitle him to those due process protections. Thus, he has not plead a viable due process claim. However, given that these defects could potentially be cured by amendment, the Court will allow Plaintiff an opportunity to amend this claim.

### 2. Religious Claims

Plaintiff alleges that Defendants Barclay, Lochrie, and Foster took and/or refused to return his religious medallion and his wedding ring. He contends that possession of these items are part of his religious beliefs. (Document 18, p. 16). Plaintiff's claims could be construed as allegations of interference with Plaintiff's free exercise of religion in violation of the First Amendment and/or claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

#### a. First Amendment Free Exercise Violation

To state a claim under 42 U.S.C. § 1983 for violation of the Free Exercise Clause of the First Amendment, the claim must meet two criteria: (1) the proffered belief must be sincerely held; and (2) "the claim must be rooted in religious belief, not in 'purely secular' philosophical concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981). That is, "whether the plaintiff's claim is related to his sincerely held religious belief." *Malik v. Brown*, 16 F.3d 330,

333 (9th Cir. 1994); *see also Shakur v. Schriro*, ____ F.3d ____, 2008 WL 185496 (9th Cir. Jan. 23, 2008).

Plaintiff's Amended Complaint does not identify what "sincerely held religious belief" requires him to have access to his wedding ring and religious medallion. Nor does it explain how his lack of access to these materials interfered with these "sincerely held religious beliefs." Plaintiff will be given an opportunity to amend his pleading to address these matters.

        b.       **Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc to 2000dd-1**

RLUIPA is a federal statute, not a constitutional provision. A plaintiff may sue for constitutional violations under 42 U.S.C. § 1983; RLUIPA provides a cause of action under a different statute, 42 U.S.C. § 2000cc et seq.[2]

Although Plaintiff's Amended Complaint does not explicitly allege a cause of action under RLUIPA, the Court must interpret pro se pleadings liberally, and RLUIPA is implicated by the Amended Complaint.

42 U.S.C. § 2000cc-1(a) provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling governmental interest" and does so by "the least restrictive means." The Act defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id*. §

---

[2] While a plaintiff may sue under 42 U.S.C. § 1983 for violation of any federal law, including a violation of a federal statute like RLUIPA, there is no need to show liability under § 1983 if the plaintiff has a cause of action directly under the federal statute. Therefore, the Court will only consider the RLUIPA claim on its own terms, not under 42 U.S.C. § 1983.

2000cc-5(7)(A); *Warsolider v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005).

Although RLUIPA's standards are considerably lower than those that must be met to show a constitutional violation, Plaintiff's Amended Complaint still falls short of meeting them. He does not allege facts sufficient to show that his lack of access to his religious medallion and his wedding ring amounts to a "substantial burden" on his exercise of his religion. He must explain what practices or materials he requires for the exercise of his religion, identify those practices or materials he is not given access to, and explain what effect that deprivation has on his ability to practice his religion. As these are defects that could potentially be cured by amendment, the Court will allow Plaintiff the opportunity to amend this claim.

### 3. Factual Allegations Which are Insufficient to State a Claim

The following claims contain factual allegations which are insufficient to state a claim: (1) Plaintiff's allegation that "William Beehler under color of state law conspired to have bodily harm done to use [sic] on 10-27-06." (Document 18, p. 12); (2) Plaintiff's allegation that Defendants Mahoney, Beeson, Swanson and Chladek treated him with deliberate indifference and/or harassed and discriminated against him for having gang related tattoos (Document 18, p. 14); and (3) Plaintiff's contention that his property was lost or destroyed by Defendants Mark Lochrie, Lynn Foster, and by the I.P.S. John Does (Document 18, pp. 12-13).

Plaintiff has simply not provided sufficient information in his Amended Complaint regarding these allegations to state a claim upon which relief may be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Broad legal conclusions such as "conspired to have bodily harm

done"; "acted with deliberate indifference, harass and discriminate"; and lost or destroyed property are insufficient to satisfy this rule. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). More than conclusory allegations are needed to give the defendants the requisite notice of Plaintiff's claims under Rule 8. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding district court's determination that a conclusory complaint did not comply with Rule 8). Plaintiff must factually explain what Defendants Beehler, Mahoney, Beeson, Swanson and Chladek did to allegedly violate his rights. He must also factually explain how and why his property was lost and/or destroyed.

Additionally, Plaintiff must be specific regarding what each individual defendant did to allegedly violate his rights. A complaint must set forth the specific facts upon which a plaintiff relies in claiming the liability of each defendant. Fed. R. Civ. P. Rule 8(a)(2); *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that a plaintiff failed to plead initially. *Ivey*, 673 F.2d at 268. In order to establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff is also reminded that Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978). Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Id*. That is, the defendants will not be

held liable just because they oversee the jail.  Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).  In order to be liable, a supervising officer has to personally take some action against the Plaintiff or "set in motion a series of acts by others . . . , which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted).

Plaintiff has simply not provided sufficient factual information regarding these claims to state a claim upon which relief may be granted.  Accordingly, these claims are subject to dismissal.  However, the defects discussed above could possibly be cured by amendment.  Therefore, Plaintiff will be given an opportunity to amend these claims.

### C. Claim to be Served–Excessive Use of Force

Plaintiff's claim of excessive use of force is that Defendant Chuck May tried to forced Plaintiff into the door frame three times and rammed Plaintiff to the ground causing Plaintiff to fall on his shoulder and scrape his cheek and chin. (Document 1-2, p. 1).  This allegation is sufficient to state a claim.  *See Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)(prison officials use excessive force in violation of the Eighth Amendment when they act maliciously for the purpose of causing harm whether or not significant injury is evident).

Similarly, Plaintiff's allegation that a John Doe correctional officer failed to intervene in Office May's assault on Plaintiff could potentially state a claim.  "A prison official can violate a

prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *see also United States v. Reese*, 2 F.3d 870, 887-88 (9th Cir. 1993)(officers have an affirmative duty to intervene to protect those in custody from constitutional abuses by their fellow officers); *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991).

The Court will require service of these claims upon Defendants May and John Doe in a subsequent Order after it completes the prescreening process.

Based on the foregoing, the Court enters the following:

**ORDER**

1. On or before **March 3, 2008**, Plaintiff may file a second amended complaint.  If Plaintiff declines to file a second amended complaint, he must file a notice with the Court indicating that he wishes proceed with his first amended complaint.

2. The Clerk of Court is directed to provide Plaintiff a form for filing a second amended complaint.  If Plaintiff submits a second amended complaint, he must use the form.  The second amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, and it may not incorporate any part of the original complaint, the first amended complaint or any other documents by reference.  Each allegation in the second amended complaint shall be simple, concise, and direct.  THE SECOND AMENDED COMPLAINT SHALL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT.  Only the original document must be filed; copies are not necessary.  The amended complaint should consist of a **short** and **plain** statement showing that Plaintiff is entitled to relief.  Plaintiff must give clear factual information describing

what occurred that allegedly violated his constitutional rights and he must specify what role each individual defendant took in those alleged deprivations.  Plaintiff shall not set forth claims by merely stating legal conclusions.  The second amended complaint shall not contain legal argument, and shall not cite to legal authority, such as case law or statutes.  PLAINTIFF SHALL NOT INCLUDE ANY OF THE CLAIMS RECOMMENDED FOR DISMISSAL HEREIN IN HIS SECOND AMENDED COMPLAINT.

     3.  Failure to file a second amended complaint or a notice that no second amended complaint will be filed on or before **March 3, 2008** will result in a recommendation that the claims discussed above be dismissed for failure to state a claim against the named defendants.

     Further the Court issues the following:

## RECOMMENDATION

     1.  The following Defendants:  Montana State Prison, Security Major Woods, Lt. McNeil, Lt. Garrison, Sgt. Clark, Officer J.T. Guindon, Officer Ryan Durkin, Officer Myron Sorenson, Officer Stan Glovin, Officer Ericson, Officer Longe, John Does SRT Team Members, and Dr. Rantz should be **DISMISSED WITHOUT PREJUDICE** under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

     2.  Plaintiff's first claim that his conditions of confinement when he was held in temporary lock-down were unconstitutional should be **DISMISSED WITH PREJUDICE.**

     3.  Plaintiff's claims regarding his grievance and classification procedures against Defendants Mahoney, Ferriter, Smather, Barclay, Wigert, and Riech should be **DISMISSED WITH PREJUDICE.**

4. Defendants Ferriter, Smather, Barclay, Wigert and Riech should be **DISMISSED WITH PREJUDICE.**

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 13th day of February, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge