**FILED**

MAR 1 3 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| TIMOTHY DEHERRERA, | ) | CV 06-69-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MIKE MAHONEY, et al., | ) | |
| Defendants. | ) | |

Plaintiff Deherrera has filed an Amended Complaint under 42 U.S.C. § 1983 alleging various tort claims and violations of his constitutional rights stemming from his treatment by guards at the Montana State Prison. He was instructed by Order dated June 1, 2007 to file an Amended Complaint in which he sets forth the factual basis for each of his claims. Deherrera alleges that denied water and was assaulted during a temporary lockdown on October 27, 2006; that he has been treated unfairly in the Montana State Prison's disciplinary, grievance and classification

-1-

processes; that he was physically assaulted by guards; that guards took or refused to return his religious medallion and wedding ring; that he was harassed and discriminated against because of his gang tattoos; and that prison officials lost or destroyed his property. Some of the claims alleged in the Complaint were not included in the Amended Complaint.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Amended Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in this matter on February 13, 2008. Judge Strong recommends dismissal without prejudice of the claims Deherrera abandoned in his Amended Complaint, pursuant to Fed. R. Civ. P. 41(a)(2). He also recommends dismissal of Deherrera's Eighth Amendment claim relating to his treatment while on lockdown at the prison, both because Deherrera has not alleged that he was subject to inhumane conditions that imposed an excessive risk to his health and safety and because Deherrera has not named any defendant responsible for the alleged violation. With regard to Deherrera's six claims relating to grievance and classification procedures, Judge Strong explains that inmates have no liberty interest in a particular security classification and no due

process right to a particular grievance procedure. For those reasons he recommends that the six grievance/classification claims be dismissed.

Judge Strong ordered that Deherrera's excessive use of force claim be served and that he receive another opportunity to cure the defects in his remaining claims by amendment.

Plaintiff Deherrera did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's claims against Defendants Montana State Prison, Security Major Woods, Lt. McNeil, Lt. Garrison, Sgt. Clark, Officer J.T. Guindon, Officer Ryan Durkin, Officer Myron Swenson, Officer Stan Glovin, Officer Ericson, Officer Longe, John Does SRT Team Members, and Dr. Rantz are DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(a)(2).

2. Plaintiff's claim that his conditions of confinement during temporary lockdown were unconstitutional is DISMISSED WITH PREJUDICE.

3. Plaintiffs' claims regarding grievance and

-3-

classification procedures against Defendants Mahoney, Ferriter, Smather, Barclay, Wigert and Riech are DISMISSED WITH PREJUDICE.

4. All other claims against Defendants Ferriter, Smather, Barclay, Wigert and Riech are DISMISSED WITH PREJUDICE

DATED this 13th day of March, 2008.

Donald W. Molloy, District Judge
United States District Court