IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| TIMOTHY DEHERRERA, | ) | Cause No. CV 06-69-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER TO SERVE COMPLAINT BY |
| | ) | REQUESTING WAIVER OF SERVICE |
| MIKE MAHONEY, et. al., | ) | OF SUMMONS AND FINDINGS AND |
| | ) | RECOMMENDATION OF UNITED |
| Defendants | ) | STATES MAGISTRATE JUDGE |
| | ) | |
| | ) | **(Defendants please see D.Mont. L.R. 12.2)**[1] |

_____

On December 29, 2006, Plaintiff Timothy Deherrera filed a complaint pursuant to 42 U.S.C. § 1983 and moved to proceed in forma pauperis. The forma pauperis motion was granted March 2, 2007. (Document 11). The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

On June 1, 2007, the Court conducted an initial prescreening of Plaintiff's Complaint, identified several deficiencies, and provided Plaintiff an opportunity to file an amended complaint. (Document 17). On June 13, 2007, Plaintiff filed an Amended Complaint. (Document 18). On February 13, 2008, the Court issued a Findings and Recommendation to dismiss a number of Plaintiff's claims and several named defendants. (Document 19). That

_____

[1]Local Rule 12.2 provides, "In all cases proceeding under 28 U.S.C. § 1915, the defendant or respondent must file a notice of appearance at the time the first document, other than a return of the waiver of service of summons, is filed. Form C, Notice of Appearance in a Forma Pauperis Action, may be used for this purpose."

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-06-0690H-DWM-RKS  / PAGE 1

recommendation was adopted on March 13, 2008. (Document 21).  The Court also allowed Plaintiff a second opportunity to file an amended complaint to correct a number of new deficiencies which the Court explained in its Order. (Document 19).  The Court specifically instructed Plaintiff that, "[t]he second amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint." (Document 19, p. 13).  On March 11, 2008, Plaintiff filed his Second Amended Complaint. (Document 20).

Accordingly, the Court will now conduct a prescreen of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I.  PARTIES

Plaintiff is a state prisoner proceeding pro se.  He is incarcerated at Montana State Prison in Deer Lodge, Montana.

In his Second Amended Complaint, Plaintiff names the following Defendants:  Mike Mahoney, Myron Beeson, Roxanne Wigert, Greg Budd, Jonathon Carroll, Ken Crosby, Toni Barclay and Terry Wilkerson.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff's Second Amended Complaint alleges Fourth and Eighth Amendment violations of deliberate indifference, failure to expunge derogatory and inaccurate information from his inmate files and a violation to his personal safety.

Plaintiff first alleges that Defendant Mike Mahoney ordered an unreasonable search and seizure with the intent to harass Plaintiff which was not related to a legitimate security need.  He

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-06-0690H-DWM-RKS  / PAGE 2

alleges that he was housed naked in a cell on October 27, 2006 and was deprived of a mattress, blankets, clothing and basic human living necessities.  He alleges that Warden Mahoney failed to train or supervise his employees.  He also complains about a program which requires a full year of clear conduct before being allowed phone calls or family visits.  He indicates that he was attacked in the yard by an inmate with a knife, received a write up and had to go three additional months without phone calls or visits.

Secondly, Plaintiff alleges that Roxanne Wigert refused to correct inaccurate and derogatory information in his classification reports.

Third, Plaintiff alleges a failure to protect claim against Defendants Myron Beeson, Gregg Budd and Toni Barclay.  Specifically, Plaintiff alleges that on February 18, 2007 Myron Beeson "rolled up his property" for the incident involving the knife attack in the recreation yard. Plaintiff alleges that a letter was found in his property telling Myron Beeson of a security risk in which individuals were aware of a hole in the fence.  In this letter, Plaintiff offered to talk with the prosecutor in Shelby about an assault that occurred there.  Plaintiff contends that Myron Beeson gave a copy of the letter to the D.A. who in turn gave it to an inmate's lawyer who gave it to the inmate.  The inmates involved are now aware of Plaintiff's letter, they are now incarcerated at Montana State Prison and they are making murderous threats to Plaintiff every day.  They have also poured urine and water in Plaintiff's room.

Fourth, Plaintiff has brought claims regarding disciplinary issues.  He contends that Jonathon Carroll wrote Plaintiff up for an incident where an inmate tried to kill and assault Plaintiff.  This caused three additional months delay in Plaintiff getting his phone calls and

visiting privileges.  Plaintiff alleges Disciplinary Officer Ken Crosby found him guilty of

disciplinary action for the fight when at no time did he ever hit the other inmate.  Plaintiff

contends that Disciplinary Officer Terry Wilkerson produced write ups in violation of prison

policy because the reports were written on October 27, 2006 and not served until November 8,

2006.

   For his relief, Plaintiff asks that his prison file be expunged so he can have a chance at

parole and he wants the Court to order that the harassment on him stop.  He seeks compensatory

damages, nominal damages, and punitive damages.

## III.  ANALYSIS

### A.  Claims/Defendants Recommended for Dismissal

#### 1.  Claims/Defendants not Addressed from First Two Complaints

   As set forth above, Plaintiff was advised that his second amended complaint would serve

as a complete substitute for his other complaints.  Accordingly, all claims and defendants not

named in Plaintiff's Second Amended Complaint will be recommended for dismissal.

#### 2.  Claims Previously Dismissed

   Plaintiff attempts to resurrect his October 27, 2006 temporary lock-down claim and his

claims regarding the classification and grievance procedures at the prison.  However, Plaintiff's

claim that his conditions of confinement when he was held in temporary lock-down were

unconstitutional and his claims regarding the grievance and classification procedures at the

prison were dismissed with prejudice on March 13, 2008.  (Document 21, p. 3).  The Court need

not revisit these claims and they should be dismissed.

3. <u>Disciplinary Hearing Claim</u>

Plaintiff continues to make claims regarding the discipline that he receives at the prison, but he has failed to state a federal constitutional claim regarding this discipline.  As set forth in the Court's prior Order, prisoners do not shed all constitutional rights at the prison gate.  *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S.Ct. 2963, 2974 (1974).  Inmates such as plaintiff are entitled to be free from arbitrary actions by prison officials.  *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995).  However, protection from such arbitrary disciplinary actions generally comes in the form of procedural due process rights, e.g., prior written notice of a violation, the right to present witnesses and evidence, a written statement of fact-finding, and a decision by an impartial body.  *See Wolff v. McDonnell*, 418 U.S. 539.

Plaintiff was advised by the Court of the need to allege a deprivation of procedural due process rights and that the effect caused an atypical and significant hardship.  Plaintiff failed to do so.  Plaintiff argues that he received a disciplinary write up when an inmate tried to assault him.  However, Plaintiff continues to only allege that he was falsely accused and found guilty of an offense he did not commit.  He has not alleged that he was denied the due process protections set forth in *Wolff* during those disciplinary hearings or even that the discipline which he received was sufficient enough to entitle him to those due process protections.  Thus, he has not plead a viable due process claim.  Plaintiff has been given two opportunities to correct these defects and he has failed to state a claim in this regard.  Accordingly, these claims will be recommended for dismissal.

4. <u>Failure to Protect</u>

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-06-0690H-DWM-RKS  / PAGE 5

Plaintiff raises a new claim in his Second Amended Complaint regarding Defendants' failure to protect him and being deliberate indifferent to a risk to his safety.  There are several problems with this claim.  First, it appears that the incident which precipitated Plaintiff's being at risk of harm occurred on or about February 18, 2007.  Specifically, Plaintiff alleges that on February 18, 2007, Myron Beeson discovered a letter written by Plaintiff implicating some other inmates in an assault.  Plaintiff contends that those other inmates found out about the letter and they now threaten him every day and have poured urine and water in his room.

As the events giving rise to this claim occurred after Plaintiff filed this action, this could not have been exhausted prior to the filing of this lawsuit.  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also* *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  Exhaustion must occur *prior* to filing suit. *McKinney v. Carey,* 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The 42 U.S.C. § 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  *Porter v. Nussle,* 435 U.S. 516, 532 (2002).

Although Federal Rule of Civil Procedure 15 provides for amended and supplemental pleadings, the PLRA requires a prisoner to properly exhaust his claims prior to filing suit.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." *Harris v. Garner,* 216 F.3d 970, 982 (11th Cir. 2000); *Williams v. Adams*, 2007 WL 1595457 (E.D.Cal. 2007)(citing *Harris* and not

allowing plaintiff to supplement his complaint with new claims which accrued after he filed his original complaint); *Price v. Caruso*, 2007 WL 2914232 (W.D. Mich. 2007) (citing *Harris*). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." *Harris*, 216 F.3d at 983.

Plaintiff cannot add new claims to his complaint regarding incidents which occurred after the filing of his original complaint. This would allow Plaintiff to thwart the mandate of 42 U.S.C. § 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. *McKinney*, 311 F.3d at 1199-1201.

This action was filed on December 29, 2006. Plaintiff alleges the incident giving rise to his failure to protect claims occurred on February 18, 2007. Plaintiff should not be allowed to pursue, in this action, claims which occurred after this suit was filed and were therefore not exhausted prior to filing.

Secondly, this claim is unrelated to Plaintiff's original claims of excessive use of force. (Document 1-2). This is improper under the Federal Rules of Civil Procedure and should not be allowed. Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:

> (2) Defendants. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2)(A,B).

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE -
CV-06-0690H-DWM-RKS  / PAGE 7

Rule 20 is a flexible rule that allows for fairness and judicial economy.  It permits for the joinder of all persons defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact.  The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.  7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure § 1652* at 371-72 (1986). "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." *Id., § 1653 at 382*.

Plaintiff's failure to protect claims have nothing to do with his original allegations, they do not arise out of the same transaction, occurrence or series of transactions and occurrences and they lack a question of law or fact common to all defendants.  Plaintiff's original complaint alleged an incident of excessive use of force on October 27, 2006.  Plaintiff's new failure to protect claims against the new defendants are unrelated and are inappropriate for joinder under Rule 20.

Accordingly, Plaintiff's failure to protect claims will be recommended for dismissal.

**B.  Claim to be Served–Excessive Use of Force**

As set forth in the Court's prior Order, Plaintiff's claim of excessive use of force alleges that Defendant Chuck May tried to forced Plaintiff into the door frame three times, rammed Plaintiff to the ground and caused Plaintiff to fall on his shoulder and scrape his cheek and chin. (Document 1-2, p. 1).  This allegation is sufficient to state a claim.  *See Hudson v. McMillian,*

503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (prison officials use excessive force in

violation of the Eighth Amendment when they act maliciously for the purpose of causing harm

whether or not significant injury is evident).

Similarly, Plaintiff's allegation that another correctional officer failed to intervene in

Office May's assault on Plaintiff could potentially state a claim.  "A prison official can violate a

prisoner's Eighth Amendment rights by failing to intervene."  *Robins v. Meecham*, 60 F.3d 1436,

1442 (9th Cir. 1995); *see also* *United States v. Reese*, 2 F.3d 870, 887-88 (9th Cir. 1993)(officers

have an affirmative duty to intervene to protect those in custody from constitutional abuses by

their fellow officers); *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991).

However, Plaintiff has only identified the correctional officer involved in this incident as

"John Doe."

> As a general rule, the use of "John Doe" to identify a defendant is not favored.
> However, situations arise, such as the present, where the identity of alleged
> defendants will not be known prior to the filing of a complaint.  In such
> circumstances, the plaintiff should be given an opportunity through discovery to
> identify the unknown defendants, unless it is clear that discovery would not
> uncover the identities, or that the complaint would be dismissed on other grounds.

*Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)(internal citations omitted).  The Court

will not direct service on a John Doe but will allow Plaintiff the opportunity through discovery to

identify this officer.

The Court draws no conclusions about the truth of Plaintiff's allegations or about the

strength of the evidence he might offer to corroborate them.  The Court only finds that Plaintiff's

Complaint has said enough to require a response from Defendants.

Based on the foregoing, the Court enters the following:

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE -
CV-06-0690H-DWM-RKS  / PAGE 9

**ORDER**

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Chuck May to waive service of summons by executing, or having his counsel execute, the Waiver of Service of Summons.[2]  The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**.  If Defendant chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

2.  The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

&ast;  this Order and Findings and Recommendation;

&ast;  a Notice of Lawsuit & Request to Waive Service of Summons;

&ast;  a Waiver of Service of Summons;

---

[2]No response is necessary at this time from the defendants which are recommended for dismissal below.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE -
CV-06-0690H-DWM-RKS  / PAGE 10

\*        Plaintiff's Complaint (Document 1);

\*        Order Permitting Plaintiff to File an Amended Complaint (Document 17);

\*        Plaintiff's Amended Complaint (Document 18);

\*        February 13, 2008 Order and Findings and Recommendation (Document 19);

\*        Plaintiff's Second Amended Complaint (Document 20);

\*        Order Adopting Findings and Recommendation (Document 21).

Should counsel determine that they do not represent Defendant May in this matter, they should notify the Court's pro se department as soon as possible.  Counsel for Defendant May must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the

document was sent.  The sender must sign the certificate of service.

5.  Plaintiff shall not make any motion for default until at least seventy (70) days after the date of this Order.

6.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further the Court issues the following:

## RECOMMENDATION

All Defendants (except Chuck May and John Doe) and all claims (except Plaintiff's excessive use of force claim) should be **DISMISSED.**

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-06-0690H-DWM-RKS  / PAGE 12

Findings and Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge.


      DATED this <u>23rd</u> day of June, 2008.



            <u>/s/ Keith Strong           </u>
            Keith Strong
            United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:    Legal Counsel for the
        Montana Department of Corrections
        P.O. Box 201301
        Helena, MT 59620-1301

       A lawsuit has been commenced by an incarcerated pro se plaintiff against Correctional Officer Chuck May, an individual who you may represent. A copy of the Complaint, Amended Complaint and Second Amended Complaint are attached to this notice. These documents have been filed in the United States District Court for the District of Montana, Civil Action No. CV-06-069-H-DWM-RKS. The Court has completed its pre-screening and concludes that Defendant May must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

       This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

       If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

       If you do not wish to waive service on behalf of Defendant May, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the Complaint personally on Defendant May, and may impose the full costs of such service.


                    /s/ Keith Strong
                    Keith Strong
                    United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO:    The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: <u>Timothy Deherrera v. Chuck May and John Doe</u>, Civil Action No. CV-06-069-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of the Complaint, Amended Complaint and Second Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by <u>Fed. R. Civ. P. 4</u>:

_____; _____;

_____; _____;

_____; _____;

      The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand that judgments may be entered against the above-named defendants if an answer or motion under <u>Fed. R. Civ. P. 12</u> is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;

_____          _____

DATE                                                            SIGNATURE

                                       _____

                                       PRINTED/TYPED NAME

                                       _____

                                       ADDRESS