

FILED

AUG 0 1 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| TIMOTHY DEHERRERA, | ) | CV 06-69-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MIKE MAHONEY, et al., | ) | |
| Defendants. | ) | |

Plaintiff Deherrera has filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging various tort claims and violations of his constitutional rights stemming from his treatment by guards at the Montana State Prison. He was instructed by Order dated February 13, 2008 to file a Second Amended Complaint in which he sets forth the factual basis for each of his claims. Deherrera alleges that he was denied water and was assaulted during a temporary lockdown on October 27, 2006; that he has been treated unfairly in the Montana State

Prison's disciplinary, grievance and classification processes; that he was physically assaulted by guards; and that guards have endangered him and failed to protect him from inmates as well as other guards. Some of the claims alleged in the Second Amended Complaint were not included in the Complaint or First Amended Complaint.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Second Amended Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in this matter on June 23, 2008. Judge Strong recommends dismissal of all claims other than Deherrera's claim for excessive use of force and all defendants other than Chuck May and John Doe. The claims relating to disciplinary hearings and actions should be dismissed, Judge Strong explains, because the Plaintiff has failed to allege a deprivation of procedural due process rights. The Magistrate recommends dismissal of the claims for failure to protect because such claims have not been exhausted procedurally and because they may not properly be joined under Fed. R. Civ. P. 20.

Plaintiff Deherrera did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. §

636(b)(1). This Court reviews the Findings and Recommendation for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." <u>United States v. Syrax</u>, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that all claims other than Plaintiff's excessive use of force claim against Chuck May and John Doe are DISMISSED.

DATED this 1st day of August, 2008.

Donald W. Molloy, District Judge
United States District Court