IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| TIMOTHY DEHERRERA, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE MAHONEY, et al,<br><br>Defendants. | Cause No. CV 06-69-H-DWM-RKS<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges the sole remaining Defendant, Sergeant May, used excessive force against him. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Currently pending is Defendants' Motion for Summary Judgment, filed March 3, 2009. (C.D. 33.) Plaintiff did not respond.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO GRANT SUMMARY JUDGMENT - CV-06-69-H-DWM-RKS / PAGE 1

## DISCUSSION

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Vander v. United States Dep't of Justice, 268 F.3d 661, 663 (9th Cir. 2001). A court may not grant summary judgment simply because the non-moving party filed no responsive papers, even if the failure violates a local rule. Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994); Henry v. Gill Industries, 983 F.2d 943, 949-950 (9th Cir. 1993). When no response is filed, the movant's papers must be sufficient to support summary judgment in order for the court to grant summary judgment in the movant's favor. Id. at 950. Further, a pro se litigant should be warned of the consequences of failing to respond to a motion for summary judgment. Brydges, 18 F.3d at 653.

In the present case, Mr. Deherrera filed no responsive papers, in violation of Local Rules of Procedure of the District of Montana 7.1(d)(1)(B) and 56.1(b) & (c). The text of Defendant's Motion for Summary Judgment (C.D. 33) indicates Mr. Deherrera did not object to the filing of the motion. Further, Defendant's properly warned Mr. Deherrera of the consequences of failing to respond. (C.D. 32); Rand v. Rowland, 154 F.2d 409, 411-412 (9th Cir. 1998)(en banc). Local

Rule 7.1(d)(1)(B) allows the Court to deem Mr. Deherrera's failure to respond as "an admission that the motion is well taken" but does not require the entry of judgment against Mr. Deherrera. See Brydges and Henry, supra.

Defendant's Motion for Summary Judgment should be granted. The undisputed factual record shows Defendant, Sgt. May, used force against Mr. Deherrera in a good-faith effort to maintain or restore discipline, not maliciously and sadistically to cause harm. Hudson v. McMillan, 503 U.S. 1 (1992). Sgt. May forced Mr. Deherrera to the ground after Mr. Deherrera made an aggressive move toward him and yelled in a profane and threatening manner. SUF ¶ 15. This took place moments after a major disturbance in Mr. Deherrera's cell block, in which Mr. Deherrera played a significant role. SUF ¶¶ 6, 10. Although Mr. Deherrera suffered abrasions to his right knee, right cheek, and chin, his condition did not require medical attention after his initial evaluation. SUF ¶ 22. There was a need to maintain control of Mr. Deherrera, and the force used was proportional to the perceived threat to the officers. See Hudson, 503 U.S. at 7. Given the undisputed facts, the force applied was not malicious or sadistic, but was applied in good-faith to maintain or restore discipline. Id. Therefore, Sgt. May has shown no genuine issues of material fact, and that he is entitled to judgment as a

matter of law.

## CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

A party who was permitted to proceed in forma pauperis in the district-court action, . . . , may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R. App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977)(quoting Coppedge, 369 U.S. at 445.). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has

some merit." Walker v. O'Brien, 216 F.2d 626, 631 (9th Cir. 2000).

The record makes plain that Mr. Deherrera failed to file any response to Defendant's Motion for Summary Judgment. Further, Mr. Deherrera did not object to the filing of Defendant's Motion. Mr. Deherrera was warned about the consequences of his failure to respond, and still did not respond. Finally, Defendant showed there was no dispute of material fact and that he was entitled to judgment as a matter of law. No reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Summary Judgment (C.D. 33) should be **GRANTED**;

2. The Clerk of Court should be directed to terminate all pending motions, close this case, and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636, the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

This is not an appealable order and any notice of appeal pursuant to Fed. R. Civ. P. 4(a)(1) should not be filed until entry of the District Court's final judgment.

DATED this 8th day of June, 2009.

                                            */s/ Keith Strong*
                                            Keith Strong
                                            United States Magistrate Judge