

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| TIMOTHY DEHERRERA, JR., | ) | CV 06-69-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MIKE MAHONEY, et al., | ) | |
| Defendants. | ) | |

Plaintiff Deherrera, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging excessive force by his jailers. The sole remaining Defendant, Sergeant May, filed a motion for summary judgment arguing that the record is clear that the Defendant acted in a good faith effort to maintain discipline, leaving no genuine issue of material fact for trial. Though he was warned of the consequences of failing to respond to the motion, Deherrera did not file a response of any kind.

United States Magistrate Judge Keith Strong entered Findings and Recommendations in which he concludes that the motion for summary judgment should be granted. Judge Strong explained that the uncontroverted evidence

shows that Sergeant May did not act toward the Plaintiff in a malicious or sadistic manner, but acted in good faith to maintain discipline.

Plaintiff did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's recommendation, and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that:

(1) Defendant's motion for summary judgment (Doc. No. 33) is GRANTED;

(2) The Clerk of Court is directed to terminate all pending motions, close the case file, and enter judgment pursuant to Fed. R. Civ. P. 58; and

(3) The docket should reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 28th day of July, 2009.

Donald W. Molloy, District Judge
United States District Court